IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

**DAVID ANIBLE AND
TREASA R. ANIBLE**

      **Plaintiffs,**

                                              **Case No.: 2017-CC-2504-WS**

**vs.**

**NATIONSTAR MORTGAGE, LLC**

      **Defendant.**

_____/

## AMENDED COMPLAINT

Plaintiffs, David Anible and Treasa R. Anible, by and through the undersigned counsel, hereby sue Defendant, Nationstar Mortgage, LLC, and allege as follows:

1.      This is an action for damages brought by Plaintiffs, David Anible and Treasa R. Anible ("Plaintiffs" or "Anible") against Nationstar Mortgage, LLC ("Defendant" or "Nationstar"), for repeated violations of the Florida Consumer Practices Act, Fla. Stat. § 559.72 ("FCCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2.      Jurisdiction and venue for purposes of this action are proper in Pasco County, Florida, and are conferred by Fla. Stat. § 559.77 and 47 U.S.C. § 227(b)(3).

3.      At all times material herein, the conduct of Defendant complained of below, occurred in Pasco County, Florida.

4.      At all times material herein, Plaintiff, David Anible is a "debtor" or "consumer" as defined by § Fla. Stat. § 559.55(8).

5.      At all times material herein, Plaintiff, Treasa R. Anible is a "debtor" or "consumer" as defined by § Fla. Stat. § 559.55(8).

6.      Plaintiffs have been the object of collection activity arising from a "consumer debt" as defined by Fla. Stat. § 559.55(6).  The subject Debt was incurred primarily for personal, family, or household purposes.

7.      At all times material herein, David Anible is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

8.      At all times material herein, Treasa R. Anible is a "person" as defined by the TCPA, 47 U.S.C. § 153(39), and a subscriber to cellular telephone services within the United States.

9.      Defendant, Nationstar, is a Foreign Limited Liability Company authorized to conduct business in Florida; and is engaged in such business of regularly and systematically collecting debts within Pasco County, Florida.

10.     At all times material herein, Nationstar is a "creditor" as defined by Fla. Stat. § 559.55(5). Specifically, Nationstar attempted to collect a consumer debt related to a certain mortgage and promissory note.

11.     At all times material herein, Nationstar is a "debt collector" within the definition established by 15 U.S.C. § 1692(a)(6) and  Fla. Stat. § 559.55(7). The principal purpose of Nationstar is to collect, directly or indirectly, debts owed or due to another, using the mail and telephone.

12.     Nationstar is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(3) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

13.     Nationstar is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72.

14.     At all times material herein, Nationstar's conduct with regard to the Debt, complained of below, qualifies as "communication" as defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692(a)(2).

2

15.    At all times material herein, Nationstar has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

16.    The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.).

## FACTUAL ALLEGATIONS

17.    On April 21, 2006, a Mortgage was recorded against Anible's property by virtue of a Promissory Note dated April 17, 2006.

18.    On or about April 29, 2016, Nationstar initiated a foreclosure action against Anible styled *Nationstar Mortgage, LLC v. Anible, et al.,* Case No. 2016-CA-01416 (Sixth Judicial Circuit, Pasco County, Florida).

19.    Shortly, thereafter, Anible retained legal counsel, Andrew Lyons, Esq., to represent them with respect to the debt and defend the foreclosure action and debt collection.

20.    On or about May 25, 2016, Andrew Lyons, Esq., filed his appearance as counsel on behalf of Anible with the relevant court and Nationstar's counsel.

21.    On May 25, 2016, Andrew Lyons, Esq., sent Nationstar a written Demand for Verification of Debt and Notice to Cease and Desist communications with Anible, requesting

Nationstar, its representatives, agents, employees, or assigns, to direct all communications to legal counsel, and withdrawing any consent to be contacted via telephone. A true and correct copy of the Demand for Verification of Debt and Notice to Cease and Desist is attached hereto as Exhibit "A."

22.    On or about June 3, 2016, Nationstar responded to Anible's Demand for Verification of Debt and Notice to Cease and Desist by providing reinstatement and payoff figures.

23.    On or about June 21, 2016, Nationstar responded to Anible's Demand for Verification of Debt and Notice to Cease and Desist by providing a Response to Verification of the Debt.

24.    Anible has been continuously represented by counsel with respect to the debt from at least May 25, 2016, to the present and Nationstar has always been aware of Anible's representation by counsel during this period.

25.    Notwithstanding Anible having retained counsel, having requested Nationstar cease all communications, and Nationstar having knowledge of this circumstance, Nationstar contacted Anible directly no less than one hundred fifty four (154) times from May 25, 2016 to January 26, 2017, for the purposes of collecting on the alleged consumer debt.

26.    Since May 25, 2016, on or about the 18th of each month; Nationstar contacted Anible for the purposes of collecting on the alleged debt via mail, by requesting that Anible pay a certain amount of money by a date certain, and in direct contravention of the notice of legal representation.

27.    On or about August 19, 2016; September 10, 2016; September 21, 2016; October 19, 2016; November 19, 2016; November 30, 2016; and January 19, 2017; Nationstar contacted Anible for the purpose of collecting on the alleged debt via mail, by sending correspondence requesting work out and payment options, and  identifying specific points of contact for Anible

to contact in order to arrange payment on the debt in direct contravention of the notice of legal representation.

28. On November 30, 2016, Nationstar left a door hanger on Anible's front door urging Anible to contact Nationstar at the provided  number in direct contravention of the notice of legal representation.

29. On or about January 20, 2017, Nationstar contacted Anible by sending an escrow statement and payment coupon thereby demanding payment of any delinquent escrow amounts from Anible in direct contravention of the notice of legal representation.

30. Nationstar has contacted Anible no less than sixteen (16) times via mail in an attempt to collect upon the debt. Specifically, Nationstar has sent correspondence in an attempt to collect upon the debt, by attempting to induce Plaintiffs to contact Defendant to pay, settle the debt, or discuss loss mitigation in direct contravention of the notice of legal representation.

31. Anible has endured no less than one hundred fifty four (154) continuous contacts from Nationstar beginning May 25, 2016 and continuing through January 26, 2017, which include:

    a.  Telephone calls to Anible's residence more than once a week by an artificial or  prerecorded voice;

    b.  Telephone calls to Anible's cell phones with an automatic dialing system;

    c.  Visits to Anible's residence;

    d.  Letters, cards, telegrams, special delivery letters;

    e.  Threats to report Anible to other creditors or to a credit agency;

    f.  Threats to foreclose upon Anible's real estate; and

    g.  Vague threats which worried Anible.

32.    Nationstar, and its representatives, agents, employees, or assigns have telephoned Anible's home and cellular telephones on numerous occasions for the purposes of collecting on the alleged debt, in violation of the TCPA, 47 U.S.C. § 227 *et seq.,* and Florida Consumer Practices Act, Fla. Stat. § 559.72(7) & § 559.72(18).

33.    Without Anible's prior express consent, Nationstar and its collectors and agents, repeatedly used an automatic telephone dialing system ("ADTS"), a predictive telephone dialing system ("PTDS"), or an artificial or prerecorded voice ("APV") to call Anible's home and cellular telephones in an attempt to collect on the alleged debt, occurring after Anible requested in writing that Nationstar cease and desist telephone calls to their cellular telephones.

34.    Plaintiffs are the owners, regular users, and possessors of telephone numbers 727-848-2303, 727-560-8623, 727-375-3272, and 727-845-4684.

35.    As more specifically alleged below, Nationstar made calls to Anible's cellular and home telephone numbers on no less than one hundred thirty four (134) times from May 26, 2016 through January 26, 2017 using an ADTS, PTDS, or an APV; for the purposes of collecting on the alleged debt and in direct contravention of Nationstar's knowledge of Plaintiff's representation by legal counsel and request to cease and desist communications.

36.    Nationstar's use of an ADTS or PTDS was confirmed by clicks or pauses heard by Anible before the line or voicemail was connected with the caller.

37.    Nationstar's use of an APV for no less than forty (40) calls was confirmed by messages left for Anible containing a robotic, electronic, or artificial prerecorded message, urging Anible to call Nationstar and that the call was placed for purposes of collecting a debt.

38.    At no time herein did Nationstar have Anible's prior express consent to call Anible's cellular or home telephone numbers using an ATDS, PTDS, or APV.

39.    Further, if Nationstar contends it had such consent, such consent was revoked to make auto-dialed debt collection calls the moment Nationstar was advised of Anible's

representation by legal counsel with respect to the Debt and request to cease and desist communications.

40.    The aforementioned calls were not made for any emergency purpose.

41.    Pursuant to Anible's May 25, 2016, communication providing Nationstar specific notice of Anible's representation by legal counsel with respect to the debt, providing legal counsel's contact information, and removing any consent to be contacted via their telephones, making these automated calls and prerecorded and/or synthesized messages to Anible's home and cellular telephones a willful violation of the TCPA.

42.    All calls and messages from May 26, 2016 through January 26, 2017, attempting to collect on the consumer Debt were made in willful violation of the TCPA because Nationstar knew it was making a calls to Anible's home and cellular telephones, knew that the system used to make the calls qualifies as an autodialer, knew that the messages left were prerecorded artificial messages, and knew that it did not have consent to make the autodialed collection calls.

43.    Upon information and belief, Nationstar used the services of a third party company to aid them in making all or some of the calls complained-of herein.

44.    Nationstar's repeated autodialed collection calls and prerecorded messages to Anible's cellular and home telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

45.    Nationstar has actual knowledge of Anible having retained legal counsel to represent them with respect to this consumer debt; however, Nationstar continued to contact Anible willfully, wantonly, maliciously, and negligently without regard to the effect on Anible.

46.    Nationstar's continued contact with Anible despite notice of legal representation and active litigation was a willful violation of the FCCPA and TCPA.

## DAMAGES

47.    Specifically Nationstar has acted maliciously by engaging in a course of conduct intended to harass Anible.

48.    Nationstar is subject to and has violated the provisions of Fla. Stat. §§ 559.72(7) and 559.72(18) by willfully communicating with Anible by telephone and mail with such frequency as can reasonably be expected to harass Anible –despite Anible's representation by legal counsel.

49.    Anible has sustained damages as defined by Fla. Stat. § 559.77.

50.    As a direct and proximate result of the conduct and acts of Nationstar mentioned above, Anible's excellent credit rating has been impaired and Anible has suffered lack of sleep, stress, weight gain, anger, anxiety, marital instability, embarrassment, humiliation and shame, all to Anible's damage.

51.    These autodialed collection calls have eliminated Anible' right to be left alone, the peace and solitude that Anible would otherwise have had, constitutes unauthorized use of and interferes with Anible' cellular telephone service for which Anible paid money.

52.    Nationstar's persistent autodialed collection calls eliminated Anible's right to be left alone.

53.    These persistent autodialed collection calls eliminated the peace and solitude that the Anible would have otherwise had.

54.    Nationstar's actions constituted the unauthorized use of, and interference with the Anible's home and cellular telephone services for which Anible paid money.

55.    Anible was charged for each call that Nationstar made to Anible's home and cellular telephones.

56.    Anible has incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against Nationstar, and as allowed under Fla. Stat.

§ 559.77(2).

57.    Pursuant to Florida Statute § 559.77, Anible is entitled an award of up to $1,000.00 statutory damages against Nationstar per independent, temporally-displaced violation, plus actual damages, and an award of attorneys' fees and costs to Anible should they prevail in this matter.

58.    Pursuant to 47 U.S.C. § 227(b)(3), Anible is entitled to an award of up to $500.00 in damages for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to their home and cellular telephones in violation of the TCPA.

59.    Pursuant to 47 U.S.C. § 227(b)(3), the trial court may increase damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Anible's home and cellular telephones in willful or knowing violation of the TCPA.

60.    All conditions precedent to the filing of this action have occurred or have been waived by the Nationstar.

### *Count I: Violation of the Florida Consumer Collection Practices Act, Fla. Stat. 559.72 et seq.*

61.    Plaintiffs re-allege paragraphs 1-60 and incorporate the same by reference as if fully restated herein.

62.    Defendant is subject to and has violated the provisions of Fla. Stat. § 559.72(18) by intentionally and repeatedly communicating with Plaintiffs by mail and telephone no less than one hundred fifty four (154) times from May 25, 2016 through January 26, 2017, in an attempt to collect a debt after being given actual notice that Plaintiffs were represented by legal counsel with respect to the Debt, and were provided legal counsel's contact information.

63.    Defendant has willfully communicated with Plaintiffs with such frequency as can reasonably be expected to harass Plaintiffs, and members of their family, in violation of Fla. Stat. § 559.72(7) by contacting Plaintiffs by mail and telephone no less than one hundred fifty four

(154) times from May 25, 2015 through January 26, 2017 in an attempt to collect upon a debt, by attempting to induce Plaintiffs to contact Defendant to pay, settle the debt, or discuss loss mitigation in direct contravention of the notice of legal representation.

64.    Defendant has engaged in other conduct which can reasonably be expected to abuse or harass Plaintiffs, and members of their family, in violation of Fla. Stat. § 559.72(7) by contacting Plaintiffs by mail and telephone no less than one hundred fifty four (154) times from May 25, 2015 through January 26, 2017 in an attempt to collect upon a debt, by attempting to induce Plaintiffs to contact Defendant to pay, settle the debt, or discuss loss mitigation in direct contravention of the notice of legal representation.

65.    Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs, including Plaintiffs' right to be left alone.

66.    As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Fla. Stat.  559.77.

**WHEREFORE,** Plaintiffs, David Anible and Treasa R. Anible, demand trial by jury and request judgment:

a.    Enjoining Nationstar Mortgage, LLC from any and all further illegal collection practices;

b.    Statutory damages of $1,000, plus actual damages;

c.    For punitive damages;

d.    For attorneys' fees and costs; and

e.    For such other and further relief as the court deems appropriate.

_**Count II: Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq.**_

67.     Plaintiff re-alleges paragraphs 1-60 and incorporates the same by reference as if fully restated herein.

68.     Within the four year period immediately preceding this action, the Defendant directly or through agents, has made numerous calls to Plaintiffs' telephone number, assigned to a cellular telephone service, without prior express consent and without an emergency purpose, using an automatic telephone dialing system, using an artificial or prerecorded voice, or using both; or has made such calls to a service for which the called party is charged for the call, in violation of the TCPA, 47 U.S.C.  § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

69.     At no time herein did Defendant have Plaintiffs' prior express consent to call Plaintiffs on their home and cellular telephones.

70.     Further, even if Defendant did have such consent, such consent was revoked when Defendant was advised that Plaintiffs were represented by legal counsel with respect to the Debt, were provided legal counsel's contact information, and when Plaintiffs expressly requested that Defendant stop calling and revoked any prior express consent for Defendant to call Plaintiffs' home and cellular telephones using an ATDS, PTDS, or APV.

71.     Despite the lack of any prior express consent, Defendant placed at least one hundred thirty four (134) calls to Plaintiffs' home and cellular telephones using an ATDS, PTDS, or APV.

72.     The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

73.     As a direct and proximate result of the conduct and acts of Defendant mentioned above, Plaintiffs have suffered lack of sleep, stress, weight gain, anger, anxiety, marital instability, embarrassment, humiliation and shame, all to Plaintiffs' damage.

74.     These autodialed collection calls have eliminated Plaintiffs' right to be left alone, the peace and solitude that Plaintiffs would otherwise have had, constitutes unauthorized use of and interferes with Plaintiffs' cellular telephone service for which Plaintiff paid money.

75.     Under 47 U.S.C. § 227(b)(3)(B), Plaintiffs are entitled to an award of $500.00 in statutory damages for each and every call to their home and cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute.

**WHEREFORE,** Plaintiffs, David Anible and Treasa R. Anible, demand trial by jury and request judgment:

a.     For statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant and for Plaintiffs; and

b.     For such other and further relief as the court deems appropriate.

### *Count III: Willful Violations of the Telephone Consumer Protection Act*

76.     Plaintiff re-alleges paragraphs 1-60 and incorporates the same by reference as if fully restated herein.

77.     The foregoing acts and omissions of the constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the home and cellular telephone numbers of Plaintiffs using an ATDS and/or artificial or prerecorded voice.

78.     The telephone calls complained of herein are the result of repeated, willful and knowing violation of the TCPA.

79.     The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

80.     As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. §

227(b)(1)(A), Plaintiffs are entitled to treble damages of up to $1,500.00 for each and every call to their home and cellular telephones using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiffs, David Anible and Treasa R. Anible, demand trial by jury and request judgment:

    a.    For treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendant and for Plaintiffs; and

    b.    For such other and further relief as the court deems appropriate.

Respectfully submitted,

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.:  0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.:  0115344
4103 Little Road
New Port Richey, FL  34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
David Anible and Treasa R. Anible

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was furnished to the below named addressee(s) by electronic mail on the 16<u>th</u> day of August, 2017, as follows: Hallie S. Evans, Esq. and Heather Fesnak, Esq., AKERMAN, LLP, 401 E. Jackson Street, Suite 1700, Hallie.evans@akerman.com and Heather.fesnak@akerman.com.

/s/ Rebbecca A. Goodall
Attorney